PAUL RICHMOND WSBA 32036
4616 26ᵗʰ Ave. NE, #449
Seattle, WA, 98105
Phone and Fax (206) 526 0565


LAWRENCE A. HILDES WSBA 35035
P.O. Box 5405
Bellingham, WA 98227
Ph: (360) 715-9788
Fax. (360) 714-1791

_____ FILED   _____ ENTERED
_____ LODGED _____ RECEIVED

## MAY 20 2005  **MR**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

PLAINTIFF NOAM GUNDLE,
      Plaintiff

    vs.

CITY OF SEATTLE, a Municipal Corporation,
SEATTLE POLICE OFFICER THOMAS
BURNS and JANE DOE BURNS, his wife,
and the marital community composed thereof,
SEATTLE POLICE OFFICER DAVID
FITZGERALD and JANE DOE
FITZGERALD, his wife, and the marital
community composed thereof,
SEATTLE POLICE OFFICER RANDALL
JOKELLA and JANE DOE JOKELLA, his
wife, and the marital community composed
thereof,
LIEUTNEANT WISLKE AND HIS WIFE,
SEATTLE POLICE OFFICERS JOHN and
JANE DOE 1 - 100, their spouses, and the
marital community composed thereof,
KING COUNTY SHERIFF OFFICERS JOHN
and JANE DOE 1 - 100, their spouses, and the
marital community composed thereof,
              Defendants.

# CV05-0932

## COMPLAINT FOR DAMAGES

Complaint for Damages - 1
Gundle v. Seattle



05-CV-00932-CMP

COME NOW the Plaintiff and for cause of action against the Defendants allege as follows:

## I. JURISDICTION AND VENUE

1.1     The acts complained of in this complaint occurred in King County, Washington and Defendants are believed to be residents of King County, Washington.

1.2     This court has jurisdiction over the subject matter of this action pursuant to Title 28, United States Code Sections 1331, 1332, 1343, and 1367, and venue is properly set in the Western District Federal Court pursuant to 28 U.S.C. 1391.

1.3     The claims upon which this suit is based occurred in this judicial district.

1.4     Plaintiffs are informed and believe, and on that basis allege, that each of the named Defendants reside in this judicial district,

1.5     Plaintiff Noam Gundle filed a claim for damages with the City of Seattle on March 22, 2005. (see Attachment A.)

1.6     This Court has jurisdiction over this cause and venue is proper.

## II. PARTIES

2.1     Plaintiff Noam Gundle at all times material hereto was a citizen of the United States and the State of Washington and resided in King County, Washington.

2.2     Defendants Seattle Police Officer Thomas Burns and Jane Doe Burns, David Fitzgerald and Jane Doe Fitzgerald, Randall Jokella and Jane Doe Jokella, Seattle Police Officers John and Jane Doe 1 - 100 King County Sheriff Officers John and Jane Doe 1-100 are believed to reside in King County, Washington. Plaintiff do not know if Defendants Seattle Police Officer Thomas Burns, David Fitzgerald and Jane Doe Fitzgerald, Randall Jokella and Jane Doe Jokella, and Seattle Police Officers John and Jane Doe 1 – 100, King County Sheriff Officers John and Jane Doe are married, do not know their spouse's names but allege that if they are married, this constitutes a marital community under the laws of the State of Washington. Each of the acts complained of were done for and on behalf of the community as well as for and on behalf of the individuals.

2.3     Defendant City of Seattle, a Municipal Corporation, is a political

Complaint for Damages - 2
Gundle v. Seattle

subdivision of the State of Washington with capacity to sue and be sued in its own name for the acts and omissions of its agents and employees.

      2.4 At all times material hereto Defendants Seattle Police Officer Thomas Burns, David Fitzgerald and Jane Doe Fitzgerald, Randall Jokella and Jane Doe Jokella, and Seattle Police Officers John and Jane Doe 1 – 100, King County Sheriff Officers John and Jane Doe were fully appointed and acting officers of the police department of Defendant City of Seattle and were acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Washington and/or the City of Seattle.

## III. FACTUAL ALLEGATIONS

3.1    On November March 22, 2003, Plaintiff Noam Gundle attended a Peace Demonstration by the Federal Building located at or about 700 2nd Avenue in Seattle Washington. The demonstration was organized in opposition to the recent invasion of Iraq by the United States. The rally had been organized by the local chapter of the Not In Our Name (NION) Coalition, a group which had sponsored numerous large rallies around Seattle in the year leading up to this invasion. All of these rallies had been peaceful. Rallies with tens of thousands of people put together by these organizers had been successfully policed by token forces of police in soft uniforms without incident. The Peace Rally and Peace March on Saturday March 22 was much smaller than the earlier ones. This was in large part due to the heavy handed treatment of demonstrators at recent Marches and Demonstrations for Peace. Marches and Demonstrations for Peace held during the many months prior to the invasion of Iraq had been characterized by a willingness of the demonstrators and police to work together. In these many prior Peace Marches and Peace Demonstrations, police wore soft uniforms, displayed no weapons, and sent only a token presence. Organizers of these Peace Marches communicated with the police. There were no known arrests, or incidents that came from any of these Peace Marches and Peace Demonstrations. These Peace Marches and Peace Demonstrations involved as many as 100,000 people at a time. Immediately following the invasion of Iraq in March 2003, Seattle Police, and those agencies

Complaint for Damages - 3
Gundle v. Seattle

under their command had responded with an inexplicable and unilateral show of force. Their numbers became many times larger. The standard, soft uniforms were largely replaced by full body armor. Less lethal weapons were prevalent among the officers. Some officers even displayed military style rifles, including M-16 variants. The actions of these officers of the Seattle Police Department and other agencies under their command including the King County Sheriff's Department became much more aggressive as well. There were numerous accounts of peaceful protesters being, shoved, rough handled and arrested for no reason in the Peace Demonstrations and Peace Marches immediately following the U.S. invasion of Iraq in March 2003.

3.2   Plaintiff Noam Gundle was employed as a high school teacher in the City of Seattle. He was one of those in attendance at this Peace March on March 22, 2003.

3.3   There were a few hundred peace demonstrators around the Federal Building on March 22, 2003. There were almost as many police officers as there were Peace Demonstrators. In addition to the Seattle Police Department, officers from the King County Sheriff's Office, some Federal Agencies and others were observed there as well.

3.4   The Peace Demonstrators left the area behind the Federal Building, attempting to move West to First Avenue and then South down First Avenue.

3.5   The police moved immediately to limit the demonstrators to the sidewalk. From there the police began forming lines around the demonstrators and separating them into smaller groups. The language of many of the officers was abusive. Many of the officers used gratuitous force, shoving demonstrators. There was an intent by many of the officers to incite the crowd. Those injured by the police included a dog on a leash and an elderly World War II Veteran. Some officers pointed shotguns and other presumably less lethal devices at the crowd. The police detained the crowd in this manner for a considerable period of time.

3.6   There was an intent by the officers to surround the crowd at frequent intervals while they marched down the sidewalk, and hold them for periods of time, then gradually allow them to leave in the hopes that they would abandon the demonstration.

3.7     Despite the fact that demonstrators were confined to the sidewalk, the police began to make selective arrests for jay walking.

3.8     Plaintiff Noam Gundle was one of those trapped inside the police line.  He kept to the sidewalk.   When the police allowed people to move, he was careful not to jaywalk.  He noted that the police had begun arresting people for this.

3.9     Some of the police were also displaying their pepper-spray prominently.

3.10    Plaintiff Noam Gundle noticed a woman near him was crying. He offered her water to help her.

3.11    Then Plaintiff Noam Gundle was grabbed by several members of the Seattle Police.

3.12    One of the Officers who grabbed Plaintiff Noam Gundle was Officer Thomas Burns.

3.13    Plaintiff Noam Gundle had noticed Officer Thomas Burns and several other bicycle officers a few minutes earlier.  He'd recognized Officer Burns from an earlier bad act.

3.14    Plaintiff Noam Gundle was familiar with Officer Thomas Burns from previous demonstrations.  He'd seen Officer Burns use excessive force on a man a few years earlier at another demonstration.  Plaintiff Noam Gundle had seen Officer Burns drive the man's head into cement.  The images of the blood running out his mouth as Officer Burns continued to jab at him had stuck in his mind.

3.15    At this previous incident, Plaintiff Noam Gundle had been vocal about this shouting "shame" as Officer Burns bloodied the man.

3.16    Also at this previous incident, Plaintiff Noam Gundle had also registered a complaint about this with the National Lawyers Guild and had offered to be a witness on behalf of the injured man.

3.17    Now on March 22, 2003, the police grabbed Plaintiff Noam Gundle roughly and dragged him out into the street.

3.18    Assisting Officer Burns were Officers Fitzgerald and Jokella.

3.19    Plaintiff Noam Gundle was at least a foot away from the curb when he was grabbed by the officers.

3.20    Plaintiff Noam Gundle was given no warning or explanation by the police.

3.21    Plaintiff Noam Gundle wasn't sure what he was being grabbed for.  He did not

Complaint for Damages - 5
Gundle v. Seattle

resist. As he was being tossed around, he tried to explain that he was standing on the sidewalk. At no point did he make any threatening moves or gestures.

3.22    The police used "pain compliance" techniques.

3.23    Plaintiff Noam Gundle was quickly handcuffed.

3.24    The handcuffs cut into Noam's wrists and cut off his circulation. Any slight movement he made worsened the pain he was feeling.

3.25    While he was in hand cuffs, the police continued to work pain compliance techniques on Plaintiff Noam Gundle and strike him. When Plaintiff Noam Gundle screamed in pain the police put him in more pain,

3.26    They continued to inflict this pain for 1-2 minutes

3.27    The police tossed Plaintiff Noam Gundle around. He was lifted up and pinned to the back of a car by at least three officers. They smashed his face into the car. His mouth bled.

3.28    Officer Burns repeatedly struck his elbows into Plaintiff Noam Gundle's back side, in the area of his kidneys.

3.29    Plaintiff Noam Gundle was taken into custody. He remained in custody from approximately 4PM -11:30 PM, and was placed in the general population.

3.30    Plaintiff Noam Gundle suffered injuries as a result of his mistreatment. These include loss of feeling in his hands, and back injury.

3.31    Plaintiff Noam Gundle has also experienced emotional trauma, and regularly has nightmares. It has afected relationship personal relationships, including those with family members. He finds himself trembling if he hears a police siren or sees a police officer nearby.

3.28    Additionally, Plaintiff Noam Gundle was criminally charged for the abuse he suffered this day. He had to pay considerable money for legal fees. He had to miss work to go hearings.

3.29    By the actions described above, Defendants Seattle Police Officers Burns, Jokella, Fitgerald, John and Jane Doe 1 - 100 deprived each of the Plaintiff of the following clearly established and well settled constitutional rights:

      a.    Freedom from the use of excessive and unreasonable force;

      b.    Freedom from the deprivation of liberty without due process of law; and

c.      Freedom from summary punishment.

3.30    The Defendants Seattle Police Officers Burns, Fitzgerald, Jokella, John and Jane Doe 1 - 100 subjected Plaintiff to these deprivations of their rights either intentionally or maliciously, or by acting with a reckless disregard for whether Plaintiff rights would be violated by their actions.

3.31    As a direct and proximate results of the acts and omissions of the Defendants, Plaintiff suffered physical injuries, were forced to endure pain and mental suffering, were deprived of their physical liberty and were forced to incur medical and legal expenses, emotional distress, humiliation, outrage, damage to their reputation, loss of employment and wage earning capacities, all past and future, and other injures and damages to be proven at trial.

## IV.     FIRST CAUSE OF ACTION:
## ASSAULT AND BATTERY

4.1     Plaintiff hereby incorporate and re-allege as if fully set forth herein each and every allegation of paragraphs 1.0 through 3.31.

4.2     Defendants assaulted and battered Plaintiff Noam Gundle.

4.3     Defendant City of Seattle is liable for the actions of the individual Defendants under the doctrine of respondeat superior.

4.4     As a direct, proximate and foreseeable result of wrongful actions described herein above, Plaintiff suffered personal injuries.

## V.     SECOND CAUSE OF ACTION:
## FALSE ARREST/FALSE IMPRISONMENT

5.1     Plaintiff hereby incorporate and re-allege as if fully set forth herein each and every allegation of paragraphs 1.0 through 4.4.

5.2     Defendants arrested and imprisoned Plaintiff Noam Gundle without probable cause.

5.3     Defendant City of Seattle is liable for the actions of the individual Defendants under the doctrine of respondeat superior.

5.4     As a direct, proximate and foreseeable result of wrongful actions described herein above, Plaintiff suffered personal injuries.

Complaint for Damages - 7
Gundle v. Seattle

## VI.    THIRD CAUSE OF ACTION:
## MALICIOUS PROSECUTION

6.1     Plaintiff hereby incorporate and re-allege as if fully set forth herein each and every allegation of paragraphs 1.0 through 5.4.

6.2     Defendants maliciously charged Plaintiff Noam Gundle with criminal offenses without probable cause.

6.3     Defendant City of Seattle is liable for the actions of the individual Defendants under the doctrine of respondeat superior.

6.4     As a direct, proximate and foreseeable result of wrongful actions described herein above, Plaintiff suffered personal injuries.

## VII.    FOURTH CAUSE OF ACTION:
## NEGLIGENT AND INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS

7.1     Plaintiff hereby incorporate and re-allege as if fully set forth herein each and every allegation of paragraphs 1.0 through 6.4.

7.2     Defendants are liable to Plaintiff Noam Gundle for the torts of intentional infliction of emotional distress, and negligent infliction of emotional distress.

7.3     Defendant City of Seattle is liable for the actions of the individual Defendants under the doctrine of respondeat superior.

7.4     As a direct, proximate and foreseeable result of wrongful actions described herein above, Plaintiff suffered personal injuries.

## VIII.    FIFTH CAUSE OF ACTION:
## VIOLATION OF THE FOURTH AMENDMENT PROHIBITION AGAINST
## UNREASONABLE SEARCHES AND SEIZURES

8.1     Plaintiff hereby incorporate and re-allege as if fully set forth herein each and every allegation of paragraphs 1.0 through 7.4.

8.2     The acts and omissions of Defendants herein were performed under color of state law, custom or usage.

8.3     Plaintiff Noam Gundle was seized, for purposes of the Fourth Amendment to the United States Constitution, by the acts and omissions of Defendants set forth herein.

8.4     Plaintiff Noam Gundle had a federally protected right, under the Fourth Amendment, not to be subjected to an unreasonable search and seizure.

8.5     The acts and omissions of Defendants herein proximately caused the deprivation of the Fourth Amendment rights of Plaintiff Noam Gundle.

8.6     As a proximate result of the acts and omissions of Defendants and deprivation of Plaintiff Fourth Amendment rights, Plaintiff suffered personal injuries as set forth herein above.

## IX.  SIXTH CAUSE OF ACTION:
## ARREST WITHOUT PROBABLE CAUSE IN VIOLATION OF THE FOURTH AMENDMENT

9.1     Plaintiff hereby incorporate and re-allege as if fully set forth herein each and every allegation of paragraphs 1.0 through 8.6.

9.2     The acts and omissions of Defendants herein were performed under color of state law, custom or usage.

9.3     Plaintiff Noam Gundle was arrested, for purposes of the Fourth Amendment, when they were seized, handcuffed and taken into custody.

9.4     Plaintiff Noam Gundle had a federally protected right, under the Fourth Amendment, not to be arrested by Defendants without probable cause.

9.5     The defendants lacked probable cause to arrest Plaintiff Noam Gundle.

9.6     The acts and omissions of Defendants herein, and each of them, proximately caused the deprivation of Plaintiff Noam Gundle's Fourth Amendment rights.

9.7     As a proximate result of the acts and omissions of Defendants and deprivation of their Fourth Amendment rights, Plaintiff Noam Gundle suffered personal injuries as set forth herein above.

## X.    SEVENTH CAUSE OF ACTION:
## VIOLATION OF THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE

10.1    Plaintiff hereby incorporate and re-allege as if fully set forth herein each and every allegation of paragraphs 1.0 through 9.7.

Complaint for Damages - 9
Gundle v. Seattle

10.2   The acts and omissions of Defendants herein were performed under color of state law, custom or usage.

10.3   Plaintiff Noam Gundle had federally protected rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to remain in a public place and the right to move from one place to another.

10.4   The acts and omissions of Defendants herein proximately caused the deprivation of Plaintiff Fourteenth Amendment rights.

10.5   As a proximate result of the acts and omissions of Defendants and deprivation of their Fourteenth Amendment rights, Plaintiff Noam Gundle suffered personal injuries as set forth herein above.

## XI.   EIGHTH CAUSE OF ACTION:
## VIOLATION OF THE FOURTEENTH AMENDMENT
## RIGHT TO PERSONAL SECURITY

11.1   Plaintiff hereby incorporate and re-allege as if fully set forth herein each and every allegation of paragraphs 1.0 through 10.5.

11.2   The acts and omissions of Defendants herein were performed under color of state law, custom or usage.

11.3   Plaintiff Noam Gundle had a federally protected right, under the Fourteenth Amendment to the United States Constitution, to personal security.

11.4   The acts and omissions of Defendants herein proximately caused the deprivation of Plaintiff Fourteenth Amendment rights.

11.5   As a proximate result of the acts and omissions of Defendants and deprivation of their Fourteenth Amendment rights, Plaintiff Noam Gundle suffered personal injuries as set forth herein above. set forth herein above.

## XII.   NINTH CAUSE OF ACTION:
## VIOLATION OF THE FIRST AMENDMENT

12.1   Plaintiff hereby incorporates and re-alleges as if fully set forth herein each and every allegation of paragraphs 1.0 through 11.5.

12.2   The acts and omissions of Defendants herein were performed under color of

Complaint for Damages - 10
Gundle v. Seattle

state law, custom or usage.

12.3   Noam Gundle had federally protected rights, under the First Amendment to the United States Constitution, to Freedom of Assembly, Freedom of Speech and Expression, Freedom of Association, Freedom to Petition the Government for Redress of Grievances, and the Right not to be treated in a discriminatory manner for exercising those rights..

12.4   The acts and omissions of Defendants herein proximately caused the deprivation of Plaintiff Fourteenth Amendment rights.

12.5   As a proximate result of the acts and omissions of Defendants and deprivation of their Fourteenth Amendment rights, Plaintiff Noam Gundle suffered personal injuries as set forth herein above.

## XIII.   TENTH CAUSE OF ACTION: MUNICIPAL LIABILITY OF THE CITY OF SEATTLE

13.1   Plaintiff hereby incorporate and re-allege as if fully set forth herein each and every fact allegation of paragraphs 1.0 through 12.5.

13.2   At all times material to this complaint, Defendant City of Seattle, by and through its policymaking officials, had in effect certain explicit and de facto policies, practices and customs which were applied to the treatment of civilians in downtown Seattle during the March 2003 Peace Marches and Rallies, including the arrest and detention of innocent civilians such as Plaintiff Noam Gundle.

13.3   For purposes of the incidents described herein, it was the policy, custom and practice of the City of Seattle to arrest and detain the Plaintiff without probable cause in violation of their Fourth and Fourteenth Amendment rights as set forth herein above.

13.4   It was further the policy of the City of Seattle, by and through policymaking officials to approve, acquiesce, condone and ratify the unreasonable seizure and detention of the Plaintiff in the incident described herein above, in violation of their Fourth and Fourteenth Amendment rights.

13.5   For purposes of liability for said policies, practices and/or customs, Gil Kerlikowske was the authorized policy-maker on police matters, and his decisions, explicit

Complaint for Damages - 11
Gundle v. Seattle

and de facto, were and are binding on Defendant City of Seattle.

13.6     The policy, practice and custom of approving, acquiescing in, condoning and/or ratifying the unreasonable seizure and detention of the Plaintiff in the incident described herein, in violation of their Fourth and Fourteenth Amendment rights, was a deliberate choice by Defendant City of Seattle, by and through its chief of police and/or others.

13.7     These policies, practices and customs were maintained with deliberate, reckless and/or callous indifference to the constitutional rights of the Plaintiff as set forth herein above.

13.8     The above-described policies, practices and customs of Defendant City of Seattle proximately caused the deprivation of the Fourth and Fourteenth Amendment rights of the Plaintiff.

13.9     As a proximate result of the above-described policies, practices and customs of Defendant City of Seattle, and as a result of the deprivation of Plaintiff Fourth and Fourteenth Amendment rights, Plaintiff suffered personal injuries as set forth herein above.

13.10    At all times material herein, Defendant City of Seattle had a duty, under the United States Constitution, to properly supervise Seattle police officers.

13.11    At all times material herein, Defendant City of Seattle had a duty, under the Fourth Amendment to the United States Constitution, to train Seattle police officers not to arrest and detain individuals without probable cause.

13.12    Defendants failed to properly supervise Defendants Seattle Police Officers Burns, Jokella and Fitzgerald, and officers John and Jane Doe 1 - 100.

13.13    Defendants failed to properly train Defendants Seattle Police Officers Burns, Jokella and Fitzgerald and John and Jane Doe 1 - 100.

13.14    The above-described failures to supervise and to train were maintained with deliberate, reckless and/or callous indifference to the constitutional rights of Plaintiff as set forth herein above.

13.15    The above-described failures by Defendants to properly supervise and to properly train Defendants Seattle Police Officers Burns, Jokella and Fitzgerald, and John and Jane Doe 1 - 100 proximately caused the deprivation of the constitutional rights of Plaintiff as set forth herein above.

Complaint for Damages - 12
Gundle v. Seattle

13.16   As a proximate result of the failure of Defendants to properly supervise and train, and as a result of the deprivation of Plaintiff' constitutional rights, Plaintiff suffered personal injuries as set forth herein above.

## XIV. PUNITIVE DAMAGES ALLEGATIONS

14.1   Plaintiff hereby incorporate and re-allege as if fully set forth herein each and every allegation of paragraphs 1.0 through 13.16.

14.2   The acts and omissions of Defendants herein were motivated by wrongful motives or intent, or involved reckless or callous indifference to the constitutional rights of the Plaintiff as set forth herein above.

14.3   Defendant City of Seattle should indemnify the individual defendants for any damages awarded against them at the trial of this action, including punitive damages.

14.4   Defendant City of Seattle is responsible for the fault of the individual defendants because the individual defendants were acting as agents or servants of the City of Seattle.   Defendant City of Seattle is liable for all damages awarded against the individual defendants, including punitive damages.

14.5   Because Noam Gundle is a fault-free Plaintiff, Defendant City of Seattle is liable for all damages awarded, including punitive damages.

WHEREFORE, Plaintiff pray for relief as follows:

1.   Compensatory Damages.   Defendants should be required to pay compensatory damages in an amount to be proven at trial.

2.   Punitive Damages.  Defendants should be required to pay punitive damages pursuant to 42 U.S.C. §1983 in an amount to be proven at trial.

3.   Attorney Fees.  Defendants should be required to pay Plaintiff' reasonable attorney fees and costs pursuant to 42 U.S.C. §1988, as well as any and all other appropriate attorney fees and costs.

4.   Prejudgment interest.  Defendants should be required to pay prejudgment interest.

5.   Other Relief.  The Court should grant Plaintiff such other relief as the Court

Complaint for Damages - 13
Gundle v. Seattle

deems just and equitable.

DATED this 20th day of May, 2005.

_____
PAUL RICHMOND, WSBA 32306

_____
LAWRENCE HILDES, WSBA 35035
Attorneys for Plaintiff

Complaint for Damages - 14
Gundle v. Seattle

**EXHIBIT A**

Attorney
Paul Richmond, WSBA 32306
4616 25th Ave NE # 444
Seattle WA 98105
206-526-0565

**City of Seattle**
**CLAIM FOR DAMAGES**

NOTE:
Type or Print Legibly.
See instructions on back.

| CITY USE ONLY |
| --- |
| CLAIM NUMBER |
| DATE FILED |

**CLAIMANT** NAME (FIRST - M. - LAST OR BUSINESS NAME)
NOAM GUNDLE
HOME PHONE 206-527-4573

HOME ADDRESS (NUMBER - STREET - CITY - STATE - ZIP)
7557 40th Ave NE, SEATTLE, WA 98115
BUS. PHONE 206-252-1048

**ACCIDENT/LOSS** DATE March 22 2003 TIME App. 4 pm

**LOCATION/SITE** BE VERY SPECIFIC: STREETS, ADDRESSES, etc.
First and Spring Street near Federal Building

**WHAT HAPPENED** DESCRIBE IN YOUR OWN WORDS HOW THIS LOSS OCCURRED AND WHY YOU BELIEVE THE CITY IS RESPONSIBLE.
Mr. Gundle was wrongly arrested
Mr. Gundle was subjected to excessive force.

DIAGRAM
Use if this will help you locate or describe where it happened

CITY CLERK

CITY DEPT?
CITY EMPLOYEE(S)?
CITY
VEHICLE NUMBER, LIC., etc.

**WAS YOUR PROPERTY** (home, auto, personal property) **DAMAGED?**
☐ YES IF SO, THEN FULLY DESCRIBE - SUCH AS AGE, MAKE MODEL, CONDITION, VALUE, OR EXTENT OF DAMAGE.
☐ NO

**WERE YOU INJURED?** ☑ YES IF YES, THEN COMPLETE THE FOLLOWING:
☐ NO
DESCRIBE YOUR INJURY (IDENTIFY YOUR DOCTOR(S) Back injury, Loss of Feeling in Hands, Trauma
- Ellen Caplan LMP, others

DATE OF BIRTH 9-24-74
KIND OF WORK School Teacher
WAGE LOSS ☑ YES ☐ NO IF YES, THEN RATE OF PAY
EMPLOYER See #8

**AMOUNT CLAIMED** IF UNKNOWN, THEN ENTER "UNKNOWN" $

**SIGNATURE OF CLAIMANT** (AND TITLE, IF A BUSINESS)
I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.
EXECUTED this 22 day of March, 19 2005.
at Seattle, King County, Washington.
Paul Richmond Attorney for Noam Gundle

CS 19.10 REV. 8/04

## ACKNOWLEDGEMENT

Claim #: _____ C-74956 _____

Adjuster Assigned: Campbell-Husted Co. _____

Phone No: (206) 533-1260

*Your Client Noam Gundle*

Claims on average take 4-6 weeks for handling.
More complicated cases may take longer.